**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DEWAYNE BELL,

    Defendant - Appellant.

No. 24-5003
(D.C. No. 4:06-CR-00140-GKF-1)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT*

_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.

_____

Michael Dewayne Bell appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction under 28 U.S.C. §1291 and affirm.

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

Mr. Bell was convicted in 2007 of aggravated bank robbery, 18 U.S.C. § 2113(a) and (d), and carrying and using a firearm during that robbery, 18 U.S.C. § 924(c)(1)(A)(ii). Based on prior convictions for robberies in Oklahoma, he received two consecutive life sentences under the federal three-strikes provision, 18 U.S.C. § 3559(c)(1)(A)(i).

Mr. Bell has unsuccessfully sought relief in several prior postconviction proceedings and appeals. *See, e.g.*, *United States v. Bell*, 290 F. App'x 178, 179–80 (10th Cir. 2008) (affirming conviction and sentence on direct appeal); *United States v. Bell,* No. 22-5043, 2022 WL 2965793, at *1 (10th Cir. July 27, 2022) (*Bell 2022*) (denying certificate of appealability (COA) from denial of authorized successive § 2255 motion); *United States v. Bell*, No. 22-5111, 2023 WL 2583384, at *1 (10th Cir. Mar. 21, 2023) (*Bell 2023*) (affirming the denial of compassionate release); *Bell v. United States*, No. 23-5126, 2024 WL 446458, at *1 (10th Cir. Feb. 6, 2024) (*Bell 2024*) (denying COA from denial of Fed. R. Civ. P. 60(b) relief following denial of § 2255 petition in *Bell 2022*).

Mr. Bell filed the motion for compassionate release now before us in November 2023. He cited newly effective provisions of the United States Sentencing Guidelines that allow prisoners who have served at least ten years of an "unusually long" sentence to seek release based on a change in the law that "would produce a gross disparity between the sentence being served and

2

the sentence likely to be imposed" under current law. U.S. Sent'g Guidelines Manual § 1B1.13(b)(6) (U.S. Sent'g Comm'n 2023). He argued his prior convictions should not trigger a mandatory life sentence under § 3559(c)(1), so he would now receive a much shorter sentence.

The district court denied his motion. Referring to previous decisions rejecting the same underlying legal argument, it concluded, "[a]s previously found, defendant's prior Oklahoma robbery convictions remain serious violent felonies and valid predicates for his mandatory life sentence under § 3559(c)," and therefore he "would receive the same mandatory life sentences if convicted today as the sentencing Court imposed in 2007." R. at 77. Because Mr. Bell had not shown he could receive a shorter sentence, the district court found no extraordinary and compelling reason for his release. Mr. Bell appeals.

## II

We review the denial of a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (internal quotation marks omitted).

A prisoner may obtain compassionate release under § 3582(c)(1) "only if three requirements are met." *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). The first is that the district court must find "extraordinary and compelling reasons" warrant a sentence reduction. *Id.* Here, the district

court found no such reasons and denied Mr. Bell's motion on that basis. *See id.* at 831 n.4 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." (internal quotation marks omitted)). We see no abuse of discretion in its ruling.

Mr. Bell was sentenced under § 3559(c)(1)(A)(i), which requires life imprisonment for defendants convicted of a "serious violent felony" if they have been previously convicted of two or more serious violent felonies. The definition of "serious violent felony" (1) lists offenses that are expressly included, such as murder and kidnapping, § 3559(c)(2)(F)(i); (2) includes a so-called "force" or "elements" clause, including offenses that "[have] as an element the use, attempted use, or threatened use of physical force," § 3559(c)(2)(F)(ii); and (3) uses a "residual clause," encompassing offenses that "involv[e] a substantial risk that physical force against the person of another may be used," *id.*

Section 3559(c) has not been recently amended, so the statute does not reflect any "change in the law" to support relief under § 1B1.13(6). To the extent Mr. Bell has identified a "change in the law"—which in turn "may be considered" when deciding if he has shown an "extraordinary and compelling reason" for release under § 1B1.13(6)—his argument is based on *Johnson v. United States*, 576 U.S. 591 (2015), *United States v. Davis*, 588 U.S. 445 (2019),

4

and related cases that have invalidated the residual clauses found in other statutes as unconstitutionally vague.

As the district court observed, Mr. Bell has argued in prior proceedings that he does not qualify for sentencing under the three-strikes provision, and both the district court and this court have rejected his argument. Indeed, this is the fourth appeal in recent years in which Mr. Bell has raised his argument under *Johnson* and *Davis* in varying procedural postures. *See Bell 2022*, 2022 WL 2965793, at *4; *Bell 2023*, 2023 WL 2583384, at *3–4; *Bell 2024*, 2024 WL 446458, at *1.

As we explained last year, Mr. Bell's argument fails because he has "failed to show the sentencing court . . . relied on the residual clause," "Tenth Circuit panels have concluded in unpublished decisions that robbery by force under Oklahoma law satisfies the elements clause of the ACCA's definition of 'violent felony,' which is virtually identical to the elements clause in §3559(c)," and he therefore "still qualifies for mandatory life sentences." *Bell 2023*, 2023 WL 2583384, at *3–4 (emphasis added; brackets and citations omitted) (affirming denial of compassionate release).

Even if our decision last year is not controlling under the law of the case doctrine, no argument raised by Mr. Bell undermines our previous reasoning

5

and conclusion:[1] "Mr. Bell has failed to show the district court erred in determining his sentence could be the same today as it was in 2007 and in rejecting his sentence-disparity argument." *Id.* at *4. Thus, although his present motion was brought under the new provisions of § 1B1.13(b)(6), it fails for the same reason as his prior motion for compassionate release.

Because the district court did not err in concluding Mr. Bell would still be subject to a mandatory life sentence, it did not abuse its discretion in finding no extraordinary and compelling reason supports his release. That conclusion is dispositive of his motion and this appeal.[2]

---

[1] Contrary to Mr. Bell's argument, the district court did not abuse its discretion or violate his constitutional rights by denying his motion without receiving a response from the government. *See* N.D. Okla. LCrR 47-2 (making motion "ripe for ruling" because no response was filed within seven days); c*f.* *Walter v. Morton*, 33 F.3d 1240, 1244 (10th Cir. 1994) (holding district court did not abuse its discretion by denying motion before moving party filed reply).

[2] The government argues the Sentencing Commission exceeded its authority in promulgating § 1B1.13(b)(6). We do not reach or address that argument.

## III

The district court's denial of Mr. Bell's motion for compassionate release is affirmed. His motion for leave to supplement his reply is granted.

Entered for the Court

Richard E.N. Federico
Circuit Judge